# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ALFREDO CARDENAS,

           Plaintiff,

vs.

STATE OF NEVADA,

           Defendant.

Case No. 2:22-cv-01055-GMN-VCF

**ORDER**

MOTION TO CHALLENGE SENATE BILL NO. 182 [ECF No. 1-2]; MOTION TO CERTIFY [ECF No. 3]

    Pro se plaintiff Alfredo Cardenas's initiating documents in this case include a motion to challenge Senate Bill 182 and a copy of his financial certificate from prison. ECF Nos. 1-1 and 1-2. Plaintiff has not filed an application to proceed informa pauperis or paid the filing fee. See 28 U.S.C. § 1915. Plaintiff also filed a motion to "certify" his constitutional challenge to Senate Bill 182. ECF No. 3.

    To proceed without paying the standard filing fee, 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice require that a litigant must submit the court's form IFP application and supporting documents. When a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2) (requiring the court to dismiss a prisoner's claim if the allegation of poverty is untrue). Even if this action is dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from plaintiff's inmate account will continue until the balance is paid. See *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051-52 (9th Cir. 2016).

The facility having custody of the prisoner will forward payments from the prisoner's account each month. See 28 U.S.C. § 1915(b)(2). Plaintiff cannot initiate a lawsuit with a motion alone. Under Federal Rule of Civil Procedure 3, a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

If plaintiff wishes to commence this action, be must either file an application to proceed in forma pauperis on the Court's approved form or pay the filing fee. He must also file a complaint on the Court's approved form. Plaintiff cannot initiate a lawsuit with a motion. Since plaintiff has not initiated this lawsuit, I deny both of his motions without prejudice.

Accordingly,

I ORDER that plaintiff must either (1) file an IFP application on the Court's approved form or (2) pay the filing fee by Wednesday, September 28, 2022. Failure to comply may result in case closure or dismissal.

I FURTHER ORDER that plaintiff must simultaneously file his complaint on the Court's approved form by Wednesday, September 28, 2022.

I FURTHER ORDER that plaintiff's motion to challenge Senate Bill No. 182 (ECF No. 1-2) is DENIED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff's motion to certify (ECF No. 3) is DENIED WITHOUT PREJUDICE.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 29th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE