**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALFREDO CARDENAS, | ) |
| | ) |
| Plaintiff, | )   Case No.: 2:22-cv-01055-GMN-VCF |
| vs. | ) |
| | )   **ORDER** |
| STATE OF NEVADA, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court is Plaintiff Alfredo Cardenas's ("Plaintiff's") Objection,[1] (ECF No. 5), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 4), recommending that Plaintiff file an application to proceed *in forma pauperis* on the Court's approved form or pay the filing fee to proceed with his lawsuit.

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection, and **ADOPTS in full** the Magistrate Judge's Report and Recommendation.

Plaintiff, a Nevada prisoner proceeding *pro se*, filed a document titled "Motion to Challenge Senate Bill No. 182[2] Under Federal Procedural Rule 5.1, 28 U.S.C. § 2403 Certify and 60 Day Period Intervene Rule." (Mot. Challenge Senate Bill No. 182, ECF No. 1-2). Plaintiff's purported pleading was not filed on a court-approved form and was not accompanied by the appropriate filing fee or a motion to proceed *in forma pauperis*. (*Id*.). Plaintiff

---

[1] Plaintiff's Objection was filed as a "Motion to Challenge Doc. 4." (ECF No. 5). The Court construes Plaintiff's Motion to Challenge as an Objection to the Magistrate Judge's Report and Recommendation.

[2] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statues of Nevada 1955). *Legislative Counsel's Preface* to Nevada Revised Statutes at 1 (Nev. L. Libr. 2014-2020). Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

1  subsequently filed a motion to "certify" his constitutional challenge to Senate Bill No. 182.
2  (Mot. Certify, ECF No. 3).
3        In the Report and Recommendation, the Magistrate Judge noted that under 28 U.S.C.
4  1915 and LSR 1-1 of the Local Rules of Practice, for Plaintiff to proceed without paying the
5  standard filing fee he must submit the Court's *in forma pauperis* application with the required
6  supporting documents. (R&R 1:18–20, ECF No. 4).  The Magistrate Judge thereby advised
7  Plaintiff that if wished to commence with this action, he "must either file an application to
8  proceed *in forma pauperis* on the Court's approved form or pay the filing fee." (*Id*. 2:5–6).  The
9  Magistrate Judge warned Plaintiff that he had until September 28, 2022, to complete either
10 option, and that failure to comply may result in "case closure or dismissal." (*Id*. 2:10–13).
11 Rather than comply, Plaintiff instead filed the instant Objection.
12       A party may file specific written objections to the findings and recommendations of a
13 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
14 D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*
15 determination of those portions of the Report and Recommendation to which objections are
16 made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or
17 recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).
18       Plaintiff asserts that he does not need to pay the filing fee or complete an application to
19 proceed *in forma pauperis* because he is bringing this action pursuant to Fed. R. Civ. P. 5.1.
20 (Obj. at 1–3). Specifically, Plaintiff maintains that Fed. R. Civ. P. 5.1 mandates that the Court
21 certify his challenge to the constitutionality of Nevada Senate Bill No. 182 to the United States
22 Attorney General. (*Id*.).  However, Plaintiff's reliance on Fed. R. Civ. P. 5.1 is misplaced.
23       "Rule 5.1 does not create a separate cause of action or basis for relief.  In other words,
24 the notice, itself, does not initiate a cause of action." *Woods v. Florida*, No. 4:20-cv-177, 2020
25 WL 2497993, at *2 (N.D. Fla. Apr. 14, 2020); *see* Fed. R. Civ. P. 3 ("A civil action is

commenced by filing a complaint with the court."). Instead, it is "'merely a procedural mechanism whereby the court must inform'" the attorney general (whether of the United States or a state) and provide them the "option to intervene in the event that a party to an existing lawsuit makes a constitutional challenge" and they are "'not a party to that suit.'" *Davis v. United States*, No. 3:22-cv-9583, 2022 WL 4486089, at *2 (N.D. Fla. July 20, 2022) (citation omitted). Here, because Plaintiff has yet to file a complaint and pay the filing fee or complete an application to proceed *in forma pauperis*, his lawsuit has yet to begin, and any request for certification is thereby premature. As the Magistrate Judge noted, Plaintiff must first file a complaint and pay the required fee or seek a waiver of that fee before he may request certification.

But even if Plaintiff chooses to complete an application to proceed *in forma pauperis* or pays the required standard filing fee, the Court notes that certification is unnecessary. As stated, Fed. R. Civ. P. Rule 5.1 is intended to give the attorney general (whether of the United States or a state) a chance to intervene to defend the constitutionality of a statute before the Court declares it unconstitutional. Fed. R. Civ. P. 5.1(a)(1)(B) provides that when a plaintiff questions the constitutionality of a state statute, like Senate Bill No. 182, and the parties do not include the state or one of its agencies or officers in an official capacity, the court must certify to the state's attorney general that a statute has been constitutionally challenged. Fed. R. Civ. P. 5.1(a)(1)(B), (b). Here, the State of Nevada is a named defendant.[3] Therefore, the certification requirement under Rule 5.1 is already satisfied. *See United States v. Roberts*, No. 4:12-cr-40026, at *3 (W.D. Ark. Oct. 25, 2016) (noting that the notice requirement of Rule 5.1 was satisfied where "the United States is already a party to [the] action"); *Daniels v. United States*, No. 08-cv-00104, 2011 WL 13290259, at *4 (D. Haw. Nov. 28, 2011) (same).

---

[3] Plaintiff maintains that his challenge should be certified to the United States Attorney General. (Obj. at 4). But Senate Bill No. 182 is a state law passed by the Nevada legislature, so the appropriate challenge is to the Attorney General of Nevada.

As Plaintiff's non-compliance with the September 28, 2022, deadline set by the Magistrate Judge was caused by his choosing to file an Objection, the Court will give Plaintiff one last opportunity to file a *in forma pauperis* application or pay the filing fee. Plaintiff must either file an *in forma pauperis* application on the Court's approved form or pay the filing fee by **Monday, February 13, 2023**. Failure to comply will result in dismissal and case closure.

I. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 5), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 4), is **ADOPTED in full**.

**DATED** this __30__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT